**FILED**

**DECEMBER 5, 2007**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

**07 C 6857**

| | |
|---|---|
| NOLA C VAN DUYNE AND LEO VAN DUYNE, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| ENCORE MEDICAL, L.P.; ENCORE ORTHOPEDICS, INC.; and OSTEOIMPLANT TECHNOLOGY, INC., | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

**JUDGE MORAN**
**MAGISTRATE JUDGE NOLAN**

### NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332(a), 1446 and 1453, Defendant ENCORE MEDICAL, L.P. and Encore Orthopedics, Inc. n/k/a Encore Medical, L.P.[1] (hereinafter "Defendant"), hereby removes the above-captioned matter from the Circuit Court of Will County, Illinois to this Court. In support of this removal, Defendant states as follows:

#### The Removed Case

1. This case was filed on or about August 15, 2007, in the Circuit Court of Will County, Illinois Law Division, captioned *NOLA C. VAN DUYNE and LEO VAN DUYNE, Plaintiffs, vs. ENCORE MEDICAL, L.P.; ENCORE ORTHOPEDICS, INC. and OSTEOIMPLANT TECHNOLOGY, INC., Defendants,* docket number 07 L 503.

2. As required by 28 U.S.C. § 1446(a), attached hereto as Exhibit A are copies of all process, pleadings, and orders served upon Defendant in the removed case.

---

[1] Encore Orthopedics, Inc. converted to Encore Medical, L.P. in February 2002; therefore, these two names refer to Encore Medical, L.P.

**Removal is Timely**

3.     This Notice of Removal is filed within 30 days after receipt by Defendant of "other paper" from which it was first ascertained that this case is one which has become removable pursuant to 28 U.S.C. § 1446(b). *See* Exhibit B, Answer To Request To Admit.

**Venue is Proper in This Court**

4.     This Court is the United States District Court for the district and division in which the state court action referenced in paragraph 1 above is pending, which makes this Court the appropriate place for filing this Notice of Removal pursuant to 28 U.S.C. §§ 1446(a).

**Diversity of Citizenship Exists**

5.     This is a civil action over which the Court has original jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship) and is one that may be removed to this Court based on diversity of citizenship under 28 U.S.C. §§ 1441 and 1446.

6.     Upon information and belief, Plaintiff, Nola C. Van Duyne, was at the time of the filing of this action a citizen of the State of Illinois.

7.     Upon information and belief, Plaintiff, Leo Van Duyne, was at the time of the filing of this action a citizen of the State of Illinois.

8.     Defendant Encore Medical, L.P. is not a citizen of Illinois.  Encore Medical, L.P. is, and at the time of the filing of this action was, a Delaware limited partnership, with its principal place of business in Texas.

9.     According to Plaintiff's Complaint, Defendant Osteoimplant Technology, Inc. is a corporation with its principal place of business in Maryland.

4 845580-2

10.    Because the Plaintiffs are citizens of Illinois and the Defendants are not, complete diversity of citizenship exists under 28 U.S.C. § 1332.

### The Amount in Controversy Has Been Satisfied

11.    Plaintiff's counsel has conceded that the amount claimed is in excess of $75,000. *See* Exhibit B, Answer To Request To Admit.

12.    Plaintiff seeks damages arising from injuries sustained as a result of the purported failure of the Alfa II hip prosthesis. *See* Complaint, ¶9-10, p. 3.

13.    Plaintiff alleges that the product at issue "failed and that the neck had disassociated from the stem segment." *See* Complaint, ¶10, p. 3.  Plaintiff further alleges that, as a result of the alleged failure, she "incurred and will continue to incur unnecessary medical bills," "experienced and will continue to experience pain and suffering," and "underwent unnecessary surgery." *See* Complaint, ¶13, p. 5.

### Consent of Co-Defendant

14.    Co-defendant Osteoimplant Technology, Inc., has not been served at the time of filing this Notice of Removal.

### Filing of Removal Papers

15.    Pursuant to 28 U.S.C. § 1446(d), simultaneously with removing this action to this Court, Defendant is providing written notice of removal to Plaintiff's counsel, and filing a Notice of Filing of Notice of Removal with the Circuit Court of Will County, Illinois.  A true and correct copy of this Notice of Filing of Notice of Removal is attached hereto as Exhibit C.

WHEREFORE, Defendant Encore Medical, L.P. removes the above-captioned action from the Circuit Court of Will County, Illinois, and requests that further proceedings be conducted in this Court as provided by law.

December 5, 2007

Respectfully submitted,

ENCORE MEDICAL, L.P.

By: _Paige Norian_____

Jeffrey Singer, #02620510
Paige Norian, #6285061
Segal McCambridge Singer & Mahoney
Sears Tower
233 S Wacker Drive, Suite 5500
Chicago, Illinois  60606
(312) 645-7800 (telephone)
(312) 645-7711 (facsimile)

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that she caused a true and correct copy of the foregoing document to be served upon:

Theodore J. Bednarek
Attorney for Plaintiff
63 W. Jefferson Street, Suite 203
Chicago, Illinois  60432

via U.S. Mail on this 5th day of December, 2007.

_Paige Norian_____
Paige Norian

STATE OF ILLINOIS )
                  )SS
COUNTY OF WILL )

COPY

### IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
### WILL COUNTY, ILLINOIS

NOLA C. VAN DUYNE and LEO VAN DUYNE

VS

ENCORE MEDICAL, L.P.; ENCORE
ORTHOPEDICS, INC. and OSTEOIMPLANT
TECHNOLOGY, INC.

CASE NO: 07 L 503

Serve:  Encore Medical, L.P.
        9800 Metric Blvd.
        Austin, TX 78758

### SUMMONS

To each defendant:

You are summoned and required to file an answer in this case, or otherwise file your appearance in the Office of the Clerk of this Court

Will County Court Annex Building _____ Building, Room 213 ,

57 N. Ottawa Street, Joliet _____, Illinois within 30 days after service

(Address)          (City)                                   of this summons, not

counting the day of service  IF YOU FAIL TO DO SO, A JUDGEMENT OR DECREE BY DEFAULT MAY BE TAKEN AGAINST YOU FOR

THE RELIEF ASKED IN THE COMPLAINT.

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if

any, immediately after service  If service cannot be made, summons shall be returned to endorsed

This summons may not be served later than 30 days after its date

WITNESS: _____AUG 1 5 200___, 20____

(Seal of Court)

PAMELA J. McGUIRE

PAMELA J. McGUIRE
Clerk of the Circuit Court

BY: _____
                              (Deputy)

DELIVERED THIS 23 DAY OF August 2007
BRUCE ELFANT
CONSTABLE, PREC. 5, TRAVIS COUNTY, TEXAS

BY _____ DEPUTY

(Plaintiff's Attorney or Plaintiff if he is not represented by an Attorney)
NAME: Theodore J. Bednarek
ARDC# 00154016
Attorney for: Plaintiff
Address: 63 W. Jefferson St., Suite 203
City: Joliet, Illinois 60432
Telephone: (815) 722-5322



**EXHIBIT**

A

STATE OF ILLINOIS                )
                                 ) SS.
COUNTY OF ~~COOK~~ WILL          )

IN THE CIRCUIT COURT OF ~~COOK~~ WILL COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

NOLA C  VAN DUYNE AND LEO  VAN DUYNE,        )
                                             )
                Plaintiffs,                  )
                                             )
        vs.                                  )   Case No.
                                             )   07 L    503
ENCORE MEDICAL, L.P.; ENCORE ORTHOPEDICS,    )
INC.; and OSTEOIMPLANT TECHNOLOGY, INC ,     )
                                             )
                Defendants                   )

## COMPLAINT
## COUNT I / PRODUCTS LIABILITY

NOW COMES the Plaintiff, NOLA C. VAN DUYNE, by and through her

attorney, THEODORE J  BEDNAREK & ASSOCIATES, and for her complaint

against the Defendants, ENCORE MEDICAL, L.P.; ENCORE ORTHOPEDICS,

INC.; and OSTEOIMPLANT TECHNOLOGY, INC.; states as follows:

1.      That the Plaintiff, NOLA C. VAN DUYNE, presently resides at 619

        Van Buren Street, Wilmington, Will County, Illinois.

2.      That the Plaintiff, LEO VAN DUYNE, is the husband of the Plaintiff,

        NOLA C  VAN DUYNE, and he presently resides at 619 Van

        Buren Street, Wilmington, Will County, Illinois.

Initial case management set for

11-20-07  at:  9   am

1

3.     That the Defendant, ENCORE MEDICAL, L.P., is a corporation with its principal place of business in Austin, Texas. This corporation manufactures, designs, assembles and sells orthopedic medical devices

4      That the Defendant, ENCORE ORTHOPEDICS, INC., is a corporation with its principal place of business in Austin, Texas. This corporation manufactures, designs, assembles and sells orthopedic medical devices

5.     That the Defendant, OSTEOIMPLANT TECHNOLOGY, INC., is a corporation with its principal place of business in Baltimore, Maryland. This corporation manufactures, designs, assembles and sells orthopedic medical devices.

6.     On or before November 20, 2002, the Defendants, ENCORE MEDICAL, L.P.; ENCORE ORTHOPEDICS, INC.; and OSTEOIMPLANT TECHNOLOGY, INC., acting through their agents and employees, designed, assembled, manufactured, sold and distributed an Alfa II total hip prosthesis. This was a fifty millimeter cup with three spikes and porous coating, with a twenty-eight millimeter lock polyliner with a ten degree lateral lip, a size two medial aspect stem with a thirty-eight millimeter neck

2

7.     On or before November 20, 2002, the Defendants, ENCORE

MEDICAL, L.P.; ENCORE ORTHOPEDICS, INC.; and

OSTEOIMPLANT TECHNOLOGY, INC., acting through their

agents and employees, sold or distributed to Oak Orthopedics

in Kankakee, Illinois, the above mentioned Alfa II total hip

prosthesis.

8      On November 20, 2002, Oak Orthopedics, acting through its

agent or employee, Milton J. Smit, M.D., implanted the Alfa II

total hip prosthesis in NOLA C. VAN DUYNE.

9.     On August 6, 2005, NOLA C. VAN DUYNE, was sitting on a stool,

at a table, and she noticed that she could not move her right

hip  She also noticed that her right foot was externally rotated.

She immediately went to a local hospital, where x-rays were

taken.  The x-rays showed a disassociation between the

femoral neck component and the stem component and the

Alfa II hip prosthesis.

10.    On August 10, 2005, Dr. Milton Smith, of Oak Orthopedics,

performed surgery on NOLA C. VAN DUYNE.  During the

surgery, Dr. Smit confirmed that the Alfa II hip prosthesis failed

and that the neck had disassociated from the stem segment.

Dr. Smit performed a right total hip revision on NOLA C. VAN

DUYNE on August 10, 2005.

11.   The first time NOLA C  VAN DUYNE discovered anything wrong
      with her Alfa II hip prosthesis was on August 6, 2005, when she
      experienced the pain in her right hip and notice that her right
      foot had been externally rotated.

12.   That the Defendants, ENCORE MEDICAL, L.P ; ENCORE
      ORTHOPEDICS, INC ; and OSTEOIMPLANT TECHNOLOGY, INC ,
      acting through their agents and employees, should have
      known that the Alfa II Hip prosthesis mentioned above was in
      an unreasonably dangerous condition at the time it left the
      control of the Defendants, in that the Alfa II hip prosthesis
      system, especially the connecting parts between the neck and
      stem, and the system and parts were defective and not
      reasonably safe in one or more of the following respects:

      a.   The Alfa II hip prosthesis, especially the connecting parts
           between the neck and the stem segment were
           defectively designed.

      b    The Alfa II hip prosthesis, especially the connecting parts
           between the neck and the stem segment were
           defectively manufactured

      c.   The Alfa II hip prosthesis, especially the connecting parts
           between the neck and the stem segment were
           defectively assembled.

13.    As a result of the above mentioned breach of the standard of practice and negligence, the Plaintiff, NOLA C. VAN DUYNE, incurred and will continue to incur unnecessary medical bills. She experienced and will continue to experience pain and suffering  She underwent unnecessary surgery.

14    Attached hereto and made a part hereof, and incorporated herein as Exhibit "A" is the Affidavit o Theodore J  Bednarek.

WHEREFORE, the Plaintiff, NOLA C. VAN DUYNE, respectfully prays for a judgment against the Defendants, ENCORE MEDICAL, L P ; ENCORE ORTHOPEDICS, INC ; and OSTEOIMPLANT TECHNOLOGY, INC., in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus costs of suit and refund of attorney's fees

## COUNT II / NEGLIGENCE

NOW COMES the Plaintiff, NOLA C. VAN DUYNE, by and through her attorney, THEODORE J. BEDNAREK & ASSOCIATES, and for her complaint against the Defendants, ENCORE MEDICAL, L.P.; ENCORE ORTHOPEDICS, INC.; and OSTEOIMPLANT TECHNOLOGY, INC.; states as follows:

That the Plaintiff, NOLA C. VAN DUYNE, presently resides at 619 Van Buren Street, Wilmington, Will County, Illinois.

5

2.    That the Plantiff, LEO VAN DUYNE, is the husband of the Plaintiff,

NOLA C VAN DUYNE, and he presently resides at 619 Van

Buren Street, Wilmington, Will County, Illinois.

3    That the Defendant, ENCORE MEDICAL, L.P., is a corporation

with its principal place of business in Austin, Texas. This

corporation manufactures, designs, assembles and sells

orthopedic medical devices.

4.    That the Defendant, ENCORE ORTHOPEDICS, INC., is a

corporation with its principal place of business in Austin, Texas.

This corporation manufactures, designs, assembles and sells

orthopedic medical devices.

5    That the Defendant, OSTEOIMPLANT TECHNOLOGY, INC., is a

corporation with its principal place of business in Baltimore,

Maryland. This corporation manufactures, designs, assembles

and sells orthopedic medical devices.

6.    On or before November 20, 2002, the Defendants, ENCORE

MEDICAL, L.P.; ENCORE ORTHOPEDICS, INC.; and

OSTEOIMPLANT TECHNOLOGY, INC., acting through their

agents and employees, designed, assembled, manufactured,

sold and distributed an Alfa II total hip prosthesis. This was a fifty

millimeter cup with three spikes and porous coating, with a twenty-eight millimeter lock polyliner with a ten degree lateral lip, a size two medial aspect stem with a thirty-eight millimeter neck.

7      On or before November 20, 2002, the Defendants, ENCORE MEDICAL, L.P.; ENCORE ORTHOPEDICS, INC.; and OSTEOIMPLANT TECHNOLOGY, INC., acting through their agents and employees, sold or distributed to Oak Orthopedics in Kankakee, Illinois, the above mentioned Alfa II total hip prosthesis.

8.      On November 20, 2002, Oak Orthopedics, acting through its agent or employee, Milton J. Smit, M.D., implanted the Alfa II total hip prosthesis in NOLA C. VAN DUYNE.

9.      On August 6, 2005, NOLA C. VAN DUYNE, was sitting on a stool, at a table, and she noticed that she could not move her right hip. She also noticed that her right foot was externally rotated. She immediately went to a local hospital, where x-rays were taken. The x-rays showed a disassociation between the femoral neck component and the stem component and the Alfa II hip prosthesis.

10.     On August 10, 2005, Dr. Milton Smith, of Oak Orthopedics, performed surgery on NOLA C. VAN DUYNE. During the surgery, Dr. Smit confirmed that the Alfa II hip prosthesis failed and that the neck had disassociated from the stem segment Dr. Smit performed a right total hip revision on NOLA C. VAN DUYNE on August 10, 2005.

11.     The first time NOLA C. VAN DUYNE discovered anything wrong with her Alfa II hip prosthesis was on August 6, 2005, when she experienced the pain in her right hip and notice that her right foot had been externally rotated

12     That the Defendants, ENCORE MEDICAL, L.P.; ENCORE ORTHOPEDICS, INC.; and OSTEOIMPLANT TECHNOLOGY, INC., acting through their agents and employees were under a duty to design, assemble, manufacture and sell medical hip prosthetic devices consistent with industry standards for design , manufacture, assembly and sale of medical/orthopedic hip products.

13.     That the Defendants, ENCORE MEDICAL, L.P.; ENCORE ORTHOPEDICS, INC.; and OSTEOIMPLANT TECHNOLOGY, INC., acting through their agents and employees, violated the above mentioned duty and they were careless and negligent in the following ways:

8

a       Sold to Oak Orthopedics a defective Alfa II hip prosthetic implant, which was ultimately sold to and implanted in the Plaintiff, NOLA C VAN DUYNE

b.      Failed to perform proper testing on the Alfa II prosthesis hip system, especially the connecting parts between the neck and stem segment, prior to allowing this system to leave their control

c.      Knew or should have known that the Alfa II prosthesis hip system, especially the parts between the neck and the stem segment were defective and that these parts would not and could not withstand the everyday stresses, while the device was implanted in NOLA C. VAN DUYNE's hip.

14.    That as a direct and proximate result of the foregoing, NOLA C VAN DUYNE, was injured, she has incurred and will continue to incur unnecessary medical bills. She experienced and will continue to experience pain and suffering. She underwent unnecessary surgery.

15.    Attached hereto and made a part hereof, and incorporated herein as Exhibit "A" is the Affidavit o Theodore J. Bednarek

WHEREFORE, the Plaintiff, NOLA C. VAN DUYNE, respectfully prays for a judgment against the Defendants, ENCORE MEDICAL, L.P ; ENCORE ORTHOPEDICS, INC ; and OSTEOIMPLANT TECHNOLOGY, INC., in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus costs of suit and refund of attorney's fees.

## COUNT III/ LOSS OF CONSORTSIM

## FOR LEO VAN DUYNE

NOW COMES the Plaintiff, LEO VAN DUYNE, by and through his attorney, THEODORE J. BEDNAREK & ASSOCIATES, and for his complaint cgainst the Defendants, ENCORE MEDICAL, L.P.; ENCORE ORTHOPEDICS, INC ; and OSTEOIMPLANT TECHNOLOGY, INC., repeats and realleges paragraph 1 through 15 of Count II as and for this Count III.

As a result of the above mentioned negligence Plaintiff, LEO VAN DUYNE, lost the love affection and intimacy of his wife, NORA C VAN DUYNE, for a substantial time after August 6, 2005.

WHEREFORE, the Plaintiff, LEO VAN DUYNE, respectfully prays for a judgment against the Defendants, ENCORE MEDICAL, L.P.; ENCORE ORTHOPEDICS, INC.; and OSTEOIMPLANT TECHNOLOGY, INC , in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus costs of suit and refund of attorney's fees.

## COUNT IV

NOW COMES the Plaintiff, NOLA C. VAN DUYNE AND LEO VAN DUYNE, by and through their attorney, THEODORE J. BEDNAREK & ASSOCIATES, and for their complaint against the Defendants, ENCORE MEDICAL, L P.; ENCORE ORTHOPEDICS, INC., repeats and realleges paragraphs 1 through 14 of Count I, and paragraphs 1 through 15 of Count II and Count III as and for this Count IV

10

1.     Prior to August 6, 2005, the Defendants ENCORE MEDICAL, L.P
and or ENCORE ORTHOPEDICS, INC , purchased/merged with
OSTEOIMPLANT TECHNOLOGY, INC.

2.     As a result of the above, the Defendants, ENCORE MEDICAL,
L.P and or ENCORE ORTHOPEDICS, INC., continued the
business of OSTEOIMPLANT TECHNOLOGY, INC.

3.     As a further result of the above, the Defendants ENCORE
MEDICAL, L.P. and or ENCORE ORTHOPEDICS, INC , had notice
of the debts, responsibilities and liabilities of OSTEOIMPLANT
TECHNOLOGY, INC.

4.     As a further result of the above, the Defendants ENCORE
MEDICAL, L.P and or ENCORE ORTHOPEDICS, INC., became
responsible for the liabilities of OSTEOIMPLANT TECHNOLOGY,
INC , including but not limited to the allegations contained in
Counts I, II and III.

WHEREFORE, the Plaintiff, NOLA C. VAN DUYNE and LEO VAN DUYNE,

respectfully pray for a judgment against the Defendants, ENCORE MEDICAL,

L.P and ENCORE ORTHOPEDICS, INC., in a sum in excess of FIFTY THOUSAND

DOLLARS ($50,000.00) plus costs of suit and refund of attorney's fees

NOLA C. VAN DUYNE AND LEO VAN DUYNE,
Plaintiffs

By: Their Attorney, Theodore J. Bednarek

Theodore J. Bednarek
Theodore J. Bednarek & Associates
Attorney for Plaintiffs
63 W. Jefferson Street, Suite 203
Joliet, IL 60432
(815) 722-5322
Attorney No. 00154016

STATE OF ILLINOIS          )
                           ) SS.
COUNTY OF COOK             )

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

NOLA C. VAN DUYNE AND LEO VAN DUYNE,          )
                                              )
                       Plaintiffs,            )
                                              )
        vs                                    ) Case No
                                              )
ENCORE MEDICAL, L.P.; ENCORE ORTHOPEDICS,     )
INC.; and OSTEOIMPLANT TECHNOLOGY, INC.,      )
                                              )

### <u>AFFIDAVIT</u>

THEODORE J. BEDNAREK, being first duly sworn upon oath, deposes

and says:

1.    That I am the Affiant.

2.    That I am the Attorney for the Plaintiff in the above captioned
      matter

3.    That the facts are based upon my personal knowledge and
      that if called to testify, this Affiant could competently testify to
      all facts herein.

4.    That I have made a good faith investigation into the facts
      concerning the damages in this case and have found that the
      damages presently know to this Affiant will exceed fifty
      thousand dollars ($50,000.00)

_____
THEODORE J. BEDNAREK

SUBSCRIBED AND SWORN TO
before me this ___/___ day of
_____, 2007.

_____
        Notary Public

OFFICIAL SEAL
VICKY LEE KOVACS
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:03/06/10



EXHIBIT
A
Plaintiffs'

STATE OF ILLINOIS)
                 )SS
COUNTY OF WILL )

## IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
## WILL COUNTY, ILLINOIS

NOLA C. VAN DUYNE AND LEO VAN DUYNE,

                        Plaintiffs

            VS                              CASE
                                            NO:_____
ENCORE MEDICAL, L.P.: ENCORE
ORTHOPEDICS, INC.: and OSTEOIMPLANT
TECHNOLOGY, INC.,
                        Defendants

07 L 503

**JURY DEMAND**

The undersigned demands a jury trial.

Name  Theodore J. Bednarek
ARDC#  00154016
Attorney for  Plainitffs
Address  63 W Jefferson St., Ste. 203
City  Joliet, IL  60432
Telephone  815-723-6200

STATE OF ILLINOIS)
            )SS
COUNTY OF WILL )

COPY

IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
WILL COUNTY, ILLINOIS

NOLA C. VAN DUYNE and LEO VAN DUYNE

VS

CASE NO: 07 L 503

ENCORE MEDICAL, L.P.; ENCORE
ORTHOPEDICS, INC. and OSTEOIMPLANT
TECHNOLOGY, INC.

Serve:  Encore Orthopedics, Inc.
       9800 Metric Blvd.
       Austin, TX 78758

## SUMMONS

To each defendant:

You are summoned and required to file an answer in this case, or otherwise file your appearance in the Office of the Clerk of this Court

Will County Court Annex Building _____ Building, Room 213 ,

57 N. Ottawa Street, Joliet _____, Illinois within 30 days after service

(Address)        (City)                  of this summons, not

counting the day of service. IF YOU FAIL TO DO SO, A JUDGEMENT OR DECREE BY DEFAULT MAY BE TAKEN AGAINST YOU FOR

THE RELIEF ASKED IN THE COMPLAINT.

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, summons shall be returned to endorsed

This summons may not be served later than 30 days after its date

WITNESS: AUG 1 5 2007 , 20____

PAMELA J. McGUIRE

(Seal of Court)

_____

PAMELA J. McGUIRE
Clerk of the Circuit Court

BY:_____
(Deputy)

Delivered 23 August 2007

(Plaintiff's Attorney or Plaintiff if he is not represented by an Attorney)
NAME: Theodore J. Bednarek
ARDC# 00154016
Attorney for; Plaintiff
Address: 63 W. Jefferson St , Suite 203
City: Joliet, Illinois 60432
Telephone: (815) 722-5322

STATE OF ILLINOIS  )
         ) SS.
COUNTY OF ~~COOK~~ WILL )

### IN THE CIRCUIT COURT OF ~~COOK~~ WILL COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

NOLA C. VAN DUYNE AND LEO VAN DUYNE,  )
                )
     Plaintiffs,       )
                )
 VS            ) Case No. 07 L 503
                )
ENCORE MEDICAL, L.P ; ENCORE ORTHOPEDICS, )
INC.; and OSTEOIMPLANT TECHNOLOGY, INC., )
                )
     Defendants

### COMPLAINT
### COUNT I / PRODUCTS LIABILITY

   NOW COMES the Plaintiff, NOLA C VAN DUYNE, by and through her

attorney, THEODORE J. BEDNAREK & ASSOCIATES, and for her complaint

against the Defendants, ENCORE MEDICAL, L P.; ENCORE ORTHOPEDICS,

INC.; and OSTEOIMPLANT TECHNOLOGY, INC.; states as follows:

  1.  That the Plaintiff, NOLA C VAN DUYNE, presently resides at 619

     Van Buren Street, Wilmington, Will County, Illinois.

  2.  That the Plantiff, LEO VAN DUYNE, is the husband of the Plaintiff,

     NOLA C VAN DUYNE, and he presently resides at 619 Van

     Buren Street, Wilmington, Will County, Illinois.

Initial case management set for
11-20-07 at: 9 am

1

3.    That the Defendant, ENCORE MEDICAL, L.P , is a corporation with its principal place of business in Austin, Texas.  This corporation manufactures, designs, assembles and sells orthopedic medical devices.

4    That the Defendant, ENCORE ORTHOPEDICS, INC., is a corporation with its principal place of business in Austin, Texas. This corporation manufactures, designs, assembles and sells orthopedic medical devices.

5.    That the Defendant, OSTEOIMPLANT TECHNOLOGY, INC., is a corporation with its principal place of business in Baltimore, Maryland. This corporation manufactures, designs, assembles and sells orthopedic medical devices.

6.    On or before November 20, 2002, the Defendants, ENCORE MEDICAL, L.P.; ENCORE ORTHOPEDICS, INC.; and OSTEOIMPLANT TECHNOLOGY, INC., acting through their agents and employees, designed, assembled, manufactured, sold and distributed an Alfa II total hip prosthesis. This was a fifty millimeter cup with three spikes and porous coating, with a twenty-eight millimeter lock polyliner with a ten degree lateral lip, a size two medial aspect stem with a thirty-eight millimeter neck.

7    On or before November 20, 2002, the Defendants, ENCORE

MEDICAL, L.P.; ENCORE ORTHOPEDICS, INC.; and

OSTEOIMPLANT TECHNOLOGY, INC., acting through their

agents and employees, sold or distributed to Oak Orthopedics

in Kankakee, Illinois, the above mentioned Alfa II total hip

prosthesis.

8    On November 20, 2002, Oak Orthopedics, acting through its

agent or employee, Milton J. Smit, M.D., implanted the Alfa II

total hip prosthesis in NOLA C. VAN DUYNE.

9.    On August 6, 2005, NOLA C. VAN DUYNE, was sitting on a stool,

at a table, and she noticed that she could not move her right

hip. She also noticed that her right foot was externally rotated.

She immediately went to a local hospital, where x-rays were

taken. The x-rays showed a disassociation between the

femoral neck component and the stem component and the

Alfa II hip prosthesis.

10.    On August 10, 2005, Dr. Milton Smith, of Oak Orthopedics,

performed surgery on NOLA C. VAN DUYNE. During the

surgery, Dr. Smit confirmed that the Alfa II hip prosthesis failed

and that the neck had disassociated from the stem segment.

Dr. Smit performed a right total hip revision on NOLA C. VAN

DUYNE on August 10, 2005.

11    The first time NOLA C  VAN DUYNE discovered anything wrong

with her Alfa II hip prosthesis was on August 6, 2005, when she

experienced the pain in her right hip and notice that her right

foot had been externally rotated

12.    That the Defendants, ENCORE MEDICAL, L P.; ENCORE

ORTHOPEDICS, INC ; and OSTEOIMPLANT TECHNOLOGY, INC ,

acting through their agents and employees, should have

known that the Alfa II Hip prosthesis mentioned above was in

an unreasonably dangerous condition at the time it left the

control of the Defendants, in that the Alfa II hip prosthesis

system, especially the connecting parts between the neck and

stem, and the system and parts were defective and not

reasonably safe in one or more of the following respects:

a.    The Alfa II hip prosthesis, especially the connecting parts
between the neck and the stem segment were
defectively designed

b    The Alfa II hip prosthesis, especially the connecting parts
between the neck and the stem segment were
defectively manufactured.

c    The Alfa II hip prosthesis, especially the connecting parts
between the neck and the stem segment were
defectively assembled.

13    As a result of the above mentioned breach of the standard of practice and negligence, the Plaintiff, NOLA C. VAN DUYNE, incurred and will continue to incur unnecessary medical bills. She experienced and will continue to experience pain and suffering. She underwent unnecessary surgery.

14    Attached hereto and made a part hereof, and incorporated herein as Exhibit "A" is the Affidavit o Theodore J Bednarek

WHEREFORE, the Plaintiff, NOLA C. VAN DUYNE, respectfully prays for a judgment against the Defendants, ENCORE MEDICAL, L.P.; ENCORE ORTHOPEDICS, INC.; and OSTEOIMPLANT TECHNOLOGY, INC., in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000 00) plus costs of suit and refund of attorney's fees.

## COUNT II / NEGLIGENCE

NOW COMES the Plaintiff, NOLA C. VAN DUYNE, by and through her attorney, THEODORE J BEDNAREK & ASSOCIATES, and for her complaint against the Defendants, ENCORE MEDICAL, L.P.; ENCORE ORTHOPEDICS, INC.; and OSTEOIMPLANT TECHNOLOGY, INC ; states as follows:

1.    That the Plaintiff, NOLA C. VAN DUYNE, presently resides at 619 Van Buren Street, Wilmington, Will County, Illinois.

5

2.    That the Plantiff, LEO VAN DUYNE, is the husband of the Plaintiff,

NOLA C. VAN DUYNE, and he presently resides at 619 Van

Buren Street, Wilmington, Will County, Illinois

3    That the Defendant, ENCORE MEDICAL, L.P , is a corporation

with its principal place of business in Austin, Texas.  This

corporation manufactures, designs, assembles and sells

orthopedic medical devices

4    That the Defendant, ENCORE ORTHOPEDICS, INC., is a

corporation with its principal place of business in Austin, Texas.

This corporation manufactures, designs, assembles and sells

orthopedic medical devices.

5.    That the Defendant, OSTEOIMPLANT TECHNOLOGY, INC , is a

corporation with its principal place of business in Baltimore,

Maryland.  This corporation manufactures, designs, assembles

and sells orthopedic medical devices.

6.    On or before November 20, 2002, the Defendants, ENCORE

MEDICAL, L.P.; ENCORE ORTHOPEDICS, INC.; and

OSTEOIMPLANT TECHNOLOGY, INC ,  acting through their

agents and employees, designed, assembled, manufactured,

sold and distributed an Alfa II total hip prosthesis  This was a fifty

millimeter cup with three spikes and porous coating, with a twenty-eight millimeter lock polyliner with a ten degree lateral lip, a size two medial aspect stem with a thirty-eight millimeter neck

7    On or before November 20, 2002, the Defendants, ENCORE MEDICAL, L.P.; ENCORE ORTHOPEDICS, INC.; and OSTEOIMPLANT TECHNOLOGY, INC., acting through their agents and employees, sold or distributed to Oak Orthopedics in Kankakee, Illinois, the above mentioned Alfa II total hip prosthesis.

8.    On November 20, 2002, Oak Orthopedics, acting through its agent or employee, Milton J. Smit, M.D., implanted the Alfa II total hip prosthesis in NOLA C. VAN DUYNE.

9.    On August 6, 2005, NOLA C VAN DUYNE, was sitting on a stool, at a table, and she noticed that she could not move her right hip. She also noticed that her right foot was externally rotated. She immediately went to a local hospital, where x-rays were taken. The x-rays showed a disassociation between the femoral neck component and the stem component and the Alfa II hip prosthesis.

10.    On August 10, 2005, Dr Milton Smith, of Oak Orthopedics, performed surgery on NOLA C. VAN DUYNE. During the surgery, Dr Smit confirmed that the Alfa II hip prosthesis failed and that the neck had disassociated from the stem segment. Dr Smit performed a right total hip revision on NOLA C VAN DUYNE on August 10, 2005

11.    The first time NOLA C VAN DUYNE discovered anything wrong with her Alfa II hip prosthesis was on August 6, 2005, when she experienced the pain in her right hip and notice that her right foot had been externally rotated.

12.    That the Defendants, ENCORE MEDICAL, L.P.; ENCORE ORTHOPEDICS, INC ; and OSTEOIMPLANT TECHNOLOGY, INC., acting through their agents and employees were under a duty to design, assemble, manufacture and sell medical hip prosthetic devices consistent with industry standards for design , manufacture, assembly and sale of medical/orthopedic hip products.

13.    That the Defendants, ENCORE MEDICAL, L.P.; ENCORE ORTHOPEDICS, INC.; and OSTEOIMPLANT TECHNOLOGY, INC., acting through their agents and employees, violated the above mentioned duty and they were careless and negligent in the following ways:

8

a. Sold to Oak Orthopedics a defective Alfa II hip prosthetic implant, which was ultimately sold to and implanted in the Plaintiff, NOLA C. VAN DUYNE.

b. Failed to perform proper testing on the Alfa II prosthesis hip system, especially the connecting parts between the neck and stem segment, prior to allowing this system to leave their control

c. Knew or should have known that the Alfa II prosthesis hip system, especially the parts between the neck and the stem segment were defective and that these parts would not and could not withstand the everyday stresses, while the device was implanted in NOLA C. VAN DUYNE's hip.

14. That as a direct and proximate result of the foregoing, NOLA C VAN DUYNE, was injured, she has incurred and will continue to incur unnecessary medical bills. She experienced and will continue to experience pain and suffering. She underwent unnecessary surgery.

15 Attached hereto and made a part hereof, and incorporated herein as Exhibit "A" is the Affidavit o Theodore J. Bednarek.

WHEREFORE, the Plaintiff, NOLA C. VAN DUYNE, respectfully prays for a judgment against the Defendants, ENCORE MEDICAL, L P.; ENCORE ORTHOPEDICS, INC.; and OSTEOIMPLANT TECHNOLOGY, INC , in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus costs of suit and refund of attorney's fees.

## COUNT III/ LOSS OF CONSORTSIM

### FOR LEO VAN DUYNE

NOW COMES the Plaintiff, LEO VAN DUYNE, by and through his attorney, THEODORE J. BEDNAREK & ASSOCIATES, and for his complaint against the Defendants, ENCORE MEDICAL, L.P.; ENCORE ORTHOPEDICS, INC.; and OSTEOIMPLANT TECHNOLOGY, INC., repeats and realleges paragraph 1 through 15 of Count II as and for this Count III

As a result of the above mentioned negligence Plaintiff, LEO VAN DUYNE, lost the love affection and intimacy of his wife, NORA C VAN DUYNE, for a substantial time after August 6, 2005.

WHEREFORE, the Plaintiff, LEO VAN DUYNE, respectfully prays for a judgment against the Defendants, ENCORE MEDICAL, L.P.; ENCORE ORTHOPEDICS, INC.; and OSTEOIMPLANT TECHNOLOGY, INC., in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus costs of suit and refund of attorney's fees

### COUNT IV

NOW COMES the Plaintiff, NOLA C. VAN DUYNE AND LEO VAN DUYNE, by and through their attorney, THEODORE J BEDNAREK & ASSOCIATES, and for their complaint against the Defendants, ENCORE MEDICAL, L.P.; ENCORE ORTHOPEDICS, INC., repeats and realleges paragraphs 1 through 14 of Count I, and paragraphs 1 through 15 of Count II and Count III as and for this Count IV.

10

1.    Prior to August 6, 2005, the Defendants ENCORE MEDICAL, L.P.
      and or ENCORE ORTHOPEDICS, INC , purchased/merged with
      OSTEOIMPLANT TECHNOLOGY, INC.

2.    As a result of the above, the Defendants, ENCORE MEDICAL,
      L.P  and or ENCORE ORTHOPEDICS, INC., continued the
      business of OSTEOIMPLANT TECHNOLOGY, INC.

3.    As a further result of the above, the Defendants ENCORE
      MEDICAL, L.P. and or ENCORE ORTHOPEDICS, INC , had notice
      of the debts, responsibilities and liabilities of OSTEOIMPLANT
      TECHNOLOGY, INC

4     As a further result of the above, the Defendants ENCORE
      MEDICAL, L.P. and or ENCORE ORTHOPEDICS, INC , became
      responsible for the liabilities of OSTEOIMPLANT TECHNOLOGY,
      INC , including but not limited to the allegations contained in
      Counts I, II and III

WHEREFORE, the Plaintiff, NOLA C  VAN DUYNE and  LEO VAN DUYNE,

respectfully pray for a judgment against the Defendants, ENCORE MEDICAL,

L.P  and ENCORE ORTHOPEDICS, INC , in a sum in excess of FIFTY THOUSAND

DOLLARS ($50,000 00) plus costs of suit and refund of attorney's fees.


NOLA C. VAN DUYNE AND LEO VAN DUYNE,
Plaintiffs

By: Their Attorney, Theodore J. Bednarek


Theodore J. Bednarek
Theodore J. Bednarek & Associates
 Attorney for Plaintiffs
63 W  Jefferson Street, Suite 203
Joliet, IL  60432
(815) 722-5322
Attorney No  00154016

STATE OF ILLINOIS     )
                           ) SS.
COUNTY OF COOK     )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

NOLA C. VAN DUYNE AND LEO VAN DUYNE,    )
                                         )
            Plaintiffs,          )
                                         )
         vs.                      ) Case No.
                                         )
ENCORE MEDICAL, L.P.; ENCORE ORTHOPEDICS,  )
INC.; and OSTEOIMPLANT TECHNOLOGY, INC.,  )
                                         )

### AFFIDAVIT

THEODORE J. BEDNAREK, being first duly sworn upon oath, deposes and says:

1.    That I am the Affiant

2.    That I am the Attorney for the Plaintiff in the above captioned matter.

3.    That the facts are based upon my personal knowledge and that if called to testify, this Affiant could competently testify to all facts herein.

4.    That I have made a good faith investigation into the facts concerning the damages in this case and have found that the damages presently know to this Affiant will exceed fifty thousand dollars ($50,000.00)

_____

THEODORE J. BEDNAREK

SUBSCRIBED AND SWORN TO
before me this _/_____ day of
___August___, 2007.

_____
Notary Public

OFFICIAL SEAL
VICKY LEE KOVACS
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:03/06/10

EXHIBIT
A
Plaintiffs'

STATE OF ILLINOIS)
                 )SS
COUNTY OF WILL   )

## IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
## WILL COUNTY, ILLINOIS

NOLA C. VAN DUYNE AND LEO VAN DUYNE,

                    Plaintiffs                    07 L 50

        VS                               CASE
                                         NO:_____
ENCORE MEDICAL, L.P.: ENCORE
ORTHOPEDICS, INC..: and OSTEOIMPLANT
TECHNOLOGY, INC.,

                    Defendants

### JURY DEMAND

The undersigned demands a jury trial


_____


Name _Theodore J. Bednarek_____

ARDC# _00154016_____

Attorney for __Plainitffs_____

Address _63 W Jefferson St., Ste  203___

City _Joliet, IL  60432_____

Telephone _815-723-6200_____

STATE OF ILLINOIS  )
                   )
COUNTY OF WILL     )

IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
WILL COUNTY, ILLINOIS

NOLA C. VAN DUYNE and LEO      )
VAN DUYNE,                     )
                              )
              Plaintiffs,      )
                              )
vs.                            )   No. 07 L 503
                              )
ENCORE MEDICAL, L.P.; ENCORE   )
ORTHOPEDICS, INC.; and         )
OSTEOIMPLANT TECHNOLOGY, INC., )
                              )
              Defendants.      )

## ANSWER TO REQUEST TO ADMIT

NOW COMES the Plaintiffs, NOLA C. VAN DUYNE and LEO VAN DUYNE, by and through their attorneys, THEODORE J. BEDNAREK & ASSOCIATES, and for their Answer to Request to Admit, states as follows:

1. Plaintiff is seeking damages in an amount greater than $75,000.00, exclusive of interest or costs.

RESPONSE:  Admit

2. The amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest or costs.

RESPONSE:  Admit

3. Plaintiff, Nola C. Van Duyne, is a citizen of the State of Illinois.

RESPONSE:  Admit.

4. Plaintiff, Leo Van Duyne, is a citizen of the State of Illinois.



EXHIBIT
B

RESPONSE:   Admit.

                                    NOLA C. VAN DUYNE and LEO VAN
                                    DUYNE, Plaintiffs

                              By: _____
                                    Theodore J. Bednarek

Theodore J. Bednarek
THEODORE J. BEDNAREK & ASSOCIATES
63 W. Jefferson Street, Suite 203
Joliet, Illinois 60432
(815) 722-5322
ARDC No. 00154016

7520-807

# IN THE CIRCUIT COURT OF WILL COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

NOLA C VAN DUYNE AND LEO VAN DUYNE, )
                                    )
                      Plaintiffs,        )      No. 07 L 503
                                    )
      vs.                             )
                                    )      JURY DEMAND REQUESTED
                                    )
ENCORE MEDICAL, L.P.; ENCORE      )
ORTHOPEDICS, INC.; and OSTEOIMPLANT )
TECHNOLOGY, INC.,                  )
                                    )
                     Defendants.    )
                                    )

## NOTICE OF FILING REMOVAL
## TO THE UNITED STATES DISTRICT COURT

TO     Theodore J. Bednarek, Attorney for Plaintiff
         63 W. Jefferson St., #203, Joliet, Illinois 60432

PLEASE TAKE NOTICE THAT ON THIS 5th day of December, 2007, Defendant

ENCORE MEDICAL, L.P. removed this action by filing a **NOTICE OF REMOVAL** with the

Clerk of the United States District Court for the Northern District of Illinois, a copy of which is

hereby served upon you.

                        Respectfully submitted,

                        SEGAL McCAMBRIDGE SINGER & MAHONEY, LTD.

                        *Paige Norian*

                        One of the Attorneys for Defendant,
                        Encore Medical, L.P.

849357

EXHIBIT
C

Jeffrey Singer, Esq.  ARDC No. 02620510
Paige Norian, Esq.  ARDC No. 6285061
Segal, McCambridge Singer & Mahoney, Ltd.
Sears Tower, 233 S Wacker Drive, Suite 5500
Chicago, Illinois 60606
(312) 645-7800

## PROOF OF SERVICE BY MAIL

I, the undersigned, being first duly sworn on oath, depose and state that a copy(ies) of the above-mentioned pleading(s) was/were served on the party(ies) as above-addressed, by enclosing a copy(ies) of the same in an envelope, sealed, postage prepaid and deposited in the U.S. Mail at Sears Tower, 233 S. Wacker Dr., Suite 5500, Chicago, IL 60606, and all other counsel of record, *via LEXISNEXIS,* on this _5<u>th</u>_ day of December, 2007.

_____

Under penalties as provided by law pursuant to 735 ILCS 5/1-109, I certify that the statements set forth are true and correct.

849357-1