UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NOLA C VAN DUYNE AND<br>LEO VAN DUYNE,<br><br>    Plaintiffs,<br><br>v.<br><br>ENCORE MEDICAL, L.P.; ENCORE<br>ORTHOPEDICS, INC.; and OSTEOIMPLANT<br>TECHNOLOGY, INC.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>) Case No. 07 C 6857<br>)<br>) Judge Moran<br>) Magistrate Judge Nolan<br>)<br>) JURY DEMAND REQUESTED<br>)<br>)<br>)<br>) |

## NOTICE OF FILING

TO Theodore J. Bednarek, Attorney for Plaintiff
   63 W. Jefferson St., #203, Joliet, Illinois 60432

**PLEASE TAKE NOTICE THAT ON THIS** 11TH day of December, 2007, we filed with the Clerk of the U. S. District Court, 219 S. Dearborn St., Chicago, IL 60604, DEFENDANTS, ENCORE MEDICAL, L.P. AND ENCORE ORTHOPEDICS, INC.'S n/k/a ENCORE MEDICAL, L.P., Answer to Complaint and Affirmative Defenses, a copy of which is attached herewith.

        Respectfully submitted,

        SEGAL McCAMBRIDGE SINGER & MAHONEY, LTD.

        _____
        One of the Attorneys for Defendants,
        Encore Medical, L.P. and Encore Orthopedics, Inc.
        n/k/a Encore Medical, L.P.

887488-1

Case 1:07-cv-06857    Document 8    Filed 12/11/2007    Page 2 of 15

Jeffrey Singer, Esq.  ARDC No. 02620510
Paige Norian, Esq.  ARDC No. 6285061
Segal, McCambridge Singer & Mahoney, Ltd.
Sears Tower, 233 S Wacker Drive, Suite 5500
Chicago, Illinois 60606
(312) 645-7800

### PROOF OF SERVICE BY MAIL

    The undersigned, being first duly sworn on oath, depose and state that a copy(ies) of the above-mentioned pleading(s) was/were served were served upon all counsel of record listed via electronic court filing service, at or before the hour of 7:00 p.m. on the, on this **11th day of December, 2007.**

*/s/ Deborah Douglas*
Under penalties as provided by law pursuant to 735 ILCS 5/1-109, I certify that the statements set forth are true and correct.

887488-1

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NOLA C VAN DUYNE AND LEO VAN DUYNE, | ) | |
| | ) | |
| Plaintiffs, | ) | No. 07 C 6857 |
| | ) | |
| vs. | ) | |
| | ) | JURY DEMAND REQUESTED |
| | ) | |
| ENCORE MEDICAL, L.P.; ENCORE ORTHOPEDICS, INC.; and OSTEOIMPLANT TECHNOLOGY, INC., | ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

## ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

NOW COMES Defendants, Encore Medical, L.P. and Encore Orthopedics, Inc. n/k/a Encore Medical, L.P. (hereinafter "Defendant"), through their attorneys, Jeffrey Singer and Paige Norian of Segal McCambridge Singer & Mahoney, Ltd., and as their Answer to the Complaint filed against them by the Plaintiffs, Nola C. Van Duyne and Leo Van Duyne, state as follows:

## COUNT I
## STRICT LIABILITY

1.      That the Plaintiff, NOLA C. VAN DUYNE, presently resides at 619 Van Buren Street, Wilmington, Will County, Illinois.

**ANSWER**: Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within paragraph 1.

2.      That the Plaintiff, LEO VAN DUYNE, is the husband of the Plaintiff, NOLA C. VAN DUYNE, and he presently resides at 619 Van Buren Street, Wilmington, Will County, Illinois.

**ANSWER:** Defendant lacks sufficient knowledge or information to form a belief as to

the truth or falsity of the allegations contained within paragraph 2.

  3.  That the Defendant, ENCORE MEDICAL, L.P., is a corporation with its principal place of business in Austin, Texas. This corporation manufactures, designs, assembles and sells orthopedic medical devices.

  **ANSWER**: Defendant admits that the Defendant, ENCORE MEDICAL, L.P. is a limited partnership with its principal place of business in Austin, Texas. Defendant admits that this limited partnership manufactures, designs, assembles and sells orthopedic medical devices.

  4.  That the Defendant, ENCORE ORTHOPEDICS, INC., is a corporation with its principal place of business in Austin, Texas. This corporation manufactures, designs, assembles and sells orthopedic medical devices.

  **ANSWER**: Defendant denies the allegations contained within paragraph 4.

  5.  That the Defendant, OSTEOIMPLANT TECHNOLOGY, INC., is a corporation with its principal place of business in Baltimore, Maryland. This corporation manufactures, designs, assembles and sells orthopedic medical devices.

  **ANSWER**: Defendant makes no answer to these allegations, as the allegations are not directed at the answering Defendant. To the extent any of these allegations can be construed as being directed against the answering Defendant, these allegations are denied.

  6.  On or before November 20, 2002, the Defendants, ENCORE MEDICAL, L.P.; ENCORE ORTHOPEDICS, INC.; AND OSTEOIMPLANT TECHNOLOGY, INC., acting through their agents and employees, designed, assembled, manufactured, sold and distributed an Alfa II total hip prosthesis. This was a fifty millimeter cup with three spikes and porous coating, with a twenty-eight millimeter lock polyliner with a ten degree lateral lip, a size two medial aspect stem with a thirty-eight millimeter neck.

**ANSWER**:  Defendant denies the allegations contained within paragraph 6 directed against the answering Defendant.  Defendant makes no answer to the allegations contained within paragraph 6 directed against Defendant Osteoimplant Technology, Inc.

7.     On or before November 20, 2002, the Defendants, ENCORE MEDICAL, L.P.; ENCORE ORTHOPEDICS, INC.; and OSTEOIMPLANT TECHNOLOGY, INC., acting through their agents and employees, sold or distributed to Oak Orthopedics in Kankakee, Illinois, the above mentioned Alfa II total hip prosthesis.

**ANSWER**:  Defendant denies the allegations contained within paragraph 7 directed against the answering Defendant.  Defendant makes no answer to the allegations contained within paragraph 7 directed against Defendant Osteoimplant Technology, Inc.

8.     On November 20, 2002, Oak Orthopedics, acting through its agent or employee, Milton J. Smit, M.D., implanted the Alfa II total hip prosthesis in NOLA C. VAN DUYNE.

**ANSWER:**   Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within paragraph 8.

9.     On August 6, 2005, NOLA C. VAN DUYNE, was sitting on a stool, at a table, and she noticed that she could not move her right hip.  She also noticed that her right foot was externally rotated.  She immediately went to a local hospital, where x-rays were taken.  The x-rays showed a disassociation between the femoral neck component and the stem component and the Alfa II hip prosthesis.

**ANSWER:**   Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within paragraph 9.

10.    On August 10, 2005, Dr. Milton Smith, of Oak Orthopedics, performed surgery on NOLA C. VAN DUYNE.  During the surgery, Dr. Smit confirmed that the Alfa II hip

prosthesis failed and that the neck had disassociated from the stem segment. Dr. Smit performed a right total hip revision on NOLA C. VAN DUYNE on August 10, 2005.

**ANSWER:** Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within paragraph 10.

11. The first time NOLA C. VAN DUYNE discovered anything wrong with her Alfa II hip prosthesis was on August 6, 2005, when she experienced the pain in her right hip and notice that her right foot had been externally rotated.

**ANSWER:** Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within paragraph 11.

12. That the Defendants, ENCORE MEDICAL, L.P.; ENCORE ORTHOPEDICS, INC.; and OSTEOIMPLANT TECHNOLOGY, INC., acting through their agents and employees, should have known that the Alfa II Hip prosthesis mentioned above was in an unreasonably dangerous condition at the time it left the control of the Defendants, in that the Alfa II hip prosthesis system, especially the connecting parts between the neck and stem, and the system and parts were defective and not reasonably safe in one or more of the following respects:

    a.    The Alfa II hip prosthesis, especially the connecting parts between the neck and the stem segment were defectively designed.

    b.    The Alfa II hip prosthesis, especially the connecting parts between the neck and the stem segment were defectively manufactured.

    c.    The Alfa II hip prosthesis, especially the connecting parts between the neck and the stem segment were defectively assembled.

**ANSWER:** Defendant denies the allegations contained within paragraph 12, inclusive of subparagraphs (a) through (c), directed against the answering Defendant. Defendant makes no answer to the allegations contained within paragraph 12, inclusive of subparagraphs (a) through (c), directed against Defendant Osteoimplant Technology, Inc.

13. As a result of the above mentioned breach of the standard of practice and negligence, the Plaintiff, NOLA C. VAN DUYNE, incurred and will continue to incur unnecessary medical bills. She experienced and will continue to experience pain and suffering. She underwent unnecessary surgery.

**ANSWER:** Defendant denies the allegations in paragraph 13.

14. Attached hereto and made a part hereof, and incorporated herein as Exhibit "A" is the Affidavit of Theodore J. Bednarek.

**ANSWER:** No response is required to this allegation as the document labeled Exhibit "A" speaks for itself.

WHEREFORE, the Defendants, Encore Medical, L.P. and Encore Orthopedics, Inc. n/k/a Encore Medical, L.P., deny that Plaintiff is entitled to damages in any amount whatsoever, and demand judgment in their favor.

## COUNT II
## NEGLIGENCE

1. That the Plaintiff, NOLA C. VAN DUYNE, presently resides at 619 Van Buren Street, Wilmington, Will County, Illinois.

**ANSWER**: Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within paragraph 1.

2. That the Plaintiff, LEO VAN DUYNE, is the husband of the Plaintiff, NOLA C. VAN DUYNE, and he presently resides at 619 Van Buren Street, Wilmington, Will County, Illinois.

**ANSWER:** Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within paragraph 2.

3. That the Defendant, ENCORE MEDICAL, L.P., is a corporation with its principal

5

place of business in Austin, Texas. This corporation manufactures, designs, assembles and sells orthopedic medical devices.

**ANSWER**: Defendant admits that the Defendant, ENCORE MEDICAL, L.P. is a limited partnership with its principal place of business in Austin, Texas. Defendant admits that this limited partnership manufactures, designs, assembles and sells orthopedic medical devices.

4. That the Defendant, ENCORE ORTHOPEDICS, INC., is a corporation with its principal place of business in Austin, Texas. This corporation manufactures, designs, assembles and sells orthopedic medical devices.

**ANSWER**: Defendant denies the allegations contained within paragraph 4.

5. That the Defendant, OSTEOIMPLANT TECHNOLOGY, INC., is a corporation with its principal place of business in Baltimore, Maryland. This corporation manufactures, designs, assembles and sells orthopedic medical devices.

**ANSWER**: Defendant makes no answer to these allegations, as the allegations are not directed at the answering Defendant. To the extent any of these allegations can be construed as being directed against the answering Defendant, these allegations are denied.

6. On or before November 20, 2002, the Defendants, ENCORE MEDICAL, L.P.; ENCORE ORTHOPEDICS, INC.; AND OSTEOIMPLANT TECHNOLOGY, INC., acting through their agents and employees, designed, assembled, manufactured, sold and distributed an Alfa II total hip prosthesis. This was a fifty millimeter cup with three spikes and porous coating, with a twenty-eight millimeter lock polyliner with a ten degree lateral lip, a size two medial aspect stem with a thirty-eight millimeter neck.

**ANSWER**: Defendant denies the allegations contained within paragraph 6 directed against the answering Defendant. Defendant makes no answer to the allegations contained

within paragraph 6 directed against Defendant Osteoimplant Technology, Inc.

7. On or before November 20, 2002, the Defendants, ENCORE MEDICAL, L.P.; ENCORE ORTHOPEDICS, INC.; and OSTEOIMPLANT TECHNOLOGY, INC., acting through their agents and employees, sold or distributed to Oak Orthopedics in Kankakee, Illinois, the above mentioned Alfa II total hip prosthesis.

**ANSWER**: Defendant denies the allegations contained within paragraph 7 directed against the answering Defendant. Defendant makes no answer to the allegations contained within paragraph 7 directed against Defendant Osteoimplant Technology, Inc.

8. On November 20, 2002, Oak Orthopedics, acting through its agent or employee, Milton J. Smit, M.D., implanted the Alfa II total hip prosthesis in NOLA C. VAN DUYNE.

**ANSWER**: Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within paragraph 8.

9. On August 6, 2005, NOLA C. VAN DUYNE, was sitting on a stool, at a table, and she noticed that she could not move her right hip. She also noticed that her right foot was externally rotated. She immediately went to a local hospital, where x-rays were taken. The x-rays showed a disassociation between the femoral neck component and the stem component and the Alfa II hip prosthesis.

**ANSWER**: Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within paragraph 9.

10. On August 10, 2005, Dr. Milton Smith, of Oak Orthopedics, performed surgery on NOLA C. VAN DUYNE. During the surgery, Dr. Smit confirmed that the Alfa II hip prosthesis failed and that the neck had disassociated from the stem segment. Dr. Smit performed a right total hip revision on NOLA C. VAN DUYNE on August 10, 2005.

**ANSWER:** Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within paragraph 10.

11. The first time NOLA C. VAN DUYNE discovered anything wrong with her Alfa II hip prosthesis was on August 6, 2005, when she experienced the pain in her right hip and notice that her right foot had been externally rotated.

**ANSWER:** Defendant lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within paragraph 11.

12. That the Defendants, ENCORE MEDICAL, L.P.; ENCORE ORTHOPEDICS, INC.; and OSTEOIMPLANT TECHNOLOGY, INC., acting through their agents and employees were under a duty to design, assemble, manufacture and sell medical hip prosthetic devices consistent with industry standards for design, manufacture, assembly and sale of medical/orthopedic hip products.

**ANSWER:** Defendant denies the allegations contained within paragraph 12 directed against the answering Defendant. Defendant makes no answer to the allegations contained within paragraph 12 directed against Defendant Osteoimplant Technology, Inc.

13. That the Defendants, ENCORE MEDICAL, L.P.; ENCORE ORTHOPEDICS, INC.; and OSTEOIMPLANT TECHNOLOGY, INC., acting through their agents and employees, violated the above mentioned duty and they were careless and negligent in the following ways:

    a. Sold to Oak Orthopedics a defective Alfa II hip prosthetic implant, which was ultimately sold to and implanted in the Plaintiff, NOLA C. VAN DUYNE

    b. Failed to perform proper testing on the Alfa II prosthesis hip system, especially the connecting parts between the neck and stem segment, prior to allowing this system to leave their control

      c.      Knew or should have known that the Alfa II prosthesis hip system, especially the parts between the neck and the stem segment were defective and that these parts would not and could not withstand the everyday stresses, while the device was implanted in NOLA C. VAN DUYNE's hip.

**ANSWER:** Defendant denies the allegations in paragraph 13, inclusive of paragraphs (a) through (c), directed against the answering Defendant. Defendant makes no answer to the allegations contained within paragraph 13, inclusive of paragraphs (a) through (c), directed against Defendant Osteoimplant Technology, Inc.

14.    That as a direct and proximate result of the foregoing, NOLA C. VAN DUYNE, was injured, she has incurred and will continue to incur unnecessary medical bills. She experienced and will continue to experience pain and suffering. She underwent unnecessary surgery.

**ANSWER:** Defendant denies the allegations in paragraph 14.

15.    Attached hereto and made a part hereof, and incorporated herein as Exhibit "A" is the Affidavit of Theodore J. Bednarek.

**ANSWER:** No response is required to this allegation as the document labeled Exhibit "A" speaks for itself.

WHEREFORE, the Defendants, Encore Medical, L.P. and Encore Orthopedics, Inc. n/k/a Encore Medical, L.P., deny that Plaintiff is entitled to damages in any amount whatsoever, and demand judgment in their favor.

**COUNT III**
**LOSS OF CONSORTIUM**
**FOR LEO VAN DUYNE**

1-15.    That the Plaintiff, LEO VAN DUYNE, repeats and realleges paragraph 1 through 15 of Count II as and for this Count III.

9

**ANSWER:** Defendant repeats and re-alleges the answers to paragraph 1-15 of Count II as though fully set forth herein.

16. As a result of the above mentioned negligence Plaintiff, LEO VAN DUYNE, lost the love, affection and intimacy of his wife, NORA C. VAN DUYNE, for a substantial time after August 6, 2005.

**ANSWER:** Defendant denies the allegations in paragraph 16.

WHEREFORE, the Defendants, Encore Medical, L.P. and Encore Orthopedics, Inc. n/k/a Encore Medical, L.P., deny that Plaintiff is entitled to damages in any amount whatsoever, and demand judgment in their favor.

## COUNT IV

That the Plaintiff, NOLA C. VAN DUYNE AND LEO VAN DUYNE, repeats and realleges paragraphs 1 through 14 of Count I, and paragraphs 1 through 15 of Count II and Count III as for this Count IV.

**ANSWER:** Defendant repeats and re-alleges the answers to paragraphs 1 through 14 of Count I, and paragraphs 1 through 15 of Count II and Count III as though fully set forth herein.

1. Prior to August 6, 2005, the Defendants ENCORE MEDICAL, L.P. and or ENCORE ORTHOPEDICS, INC., purchased/merged with OSTEOIMPLANT TECHNOLOGY, INC.

**ANSWER:** Defendant ENCORE MEDICAL, L.P. admits that it purchased assets of OSTEOIMPLANT TECHNOLOGY, INC. but denies that it merged with OSTEOIMPLANT TECHNOLOGY, INC. Defendant ENCORE ORTHOPEDICS, INC. denies the allegations

contained within paragraph 1.

2. As a result of the above, the Defendants, ENCORE MEDICAL, L.P. and or ENCORE ORTHOPEDICS, INC., continued the business of OSTEOIMPLANT TECHNOLOGY, INC.

**ANSWER:** Defendant denies the allegations in paragraph 2.

3. As a further result of the above, the Defendants ENCORE MEDICAL, L.P. and or ENCORE ORTHOPEDICS, INC., had notice of the debts, responsibilities and liabilities of OSTEOIMPLANT TECHNOLOGY, INC.

**ANSWER:** Defendant denies the allegations in paragraph 3.

4. As a further result of the above, the Defendants ENCORE MEDICAL, L.P. and or ENCORE ORTHOPEDICS, INC., became responsible for the liabilities of OSTEOIMPLANT TECHNOLOGY, INC., including but not limited to the allegations contained in Counts I, II and III.

**ANSWER:** Defendant denies the allegations in paragraph 4.

WHEREFORE, the Defendants, Encore Medical, L.P. and Encore Orthopedics, Inc. n/k/a Encore Medical, L.P., deny that Plaintiff is entitled to damages in any amount whatsoever, and demand judgment in their favor.

### First Affirmative Defense
### (Unforeseeable Misuse)

As a first affirmative defense to each cause of action in the Complaint, Defendant alleges that if Plaintiff sustained injuries attributable to the use of any product manufactured by Defendant, which allegations are expressly denied, the injuries were solely caused by and attributable to the unreasonable, unforeseeable, unintended and inappropriate purpose, improper use and abuse, which was made of the product.

### Second Affirmative Defense
### (Sole Proximate Cause)

As a second affirmative defense to each cause of action in the Complaint, Defendant states that the sole proximate cause of Plaintiff's injuries and damages, if any, was the intervening acts of third parties.

### Third Affirmative Defense
### (State of the Art)

As a third affirmative defense to each cause of action in the Complaint, Defendant states that the product Plaintiff refers to in the Complaint complied with the state of the art in the design and manufacture of such devices at the time that it was designed and manufactured.

### Fourth Affirmative Defense
### (Assumption of Risk)

As a fourth affirmative defense to each cause of action in the Complaint, Defendant states that Plaintiff assumed the risk of her injuries.

Defendant reserves the right to interpose other defenses to which it may be entitled as revealed by further proceedings.

**DEFENDANT DEMANDS A TRIAL BY JURY.**

Respectfully submitted,

SEGAL McCAMBRIDGE SINGER & MAHONEY, LTD.

_____
One of the Attorneys for Defendants,
Encore Medical, L.P. and Encore Orthopedics, Inc. n/k/a Encore Medical, L.P.

Jeffrey Singer, Esq.
Paige Norian, Esq.
Segal, McCambridge Singer & Mahoney, Ltd.
Sears Tower, 233 S Wacker Drive, Suite 5500
Chicago, Illinois 60606
(312) 645-7800

13